IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |
|---|---|
| ANTHONY WASHINGTON and<br>MALCOLM CROSLAND, Esq.<br><br>    Plaintiffs,<br><br>vs.<br><br>SSA COOPER, LLC; HOMEPORT<br>INSURANCE COMPANY; and DANIEL<br>A. SARNO, JR., District Chief<br>Administrative Law Judge, U.S. Dept. of<br>Labor Office of Administrative Law Judges,<br><br>    Defendants. | No. 2:13-cv-393-RMG<br><br>**ORDER** |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 47), recommending that Defendants' motions to dismiss (Dkt. Nos. 19, 28) be granted and all claims dismissed for lack of subject matter jurisdiction. For the reasons stated below, the Court ADOPTS portions of the R & R, GRANTS the Defendants' motions to dismiss, and DISMISSES all claims for lack of subject matter jurisdiction.

## I. BACKGROUND

The Magistrate Judge gave a detailed factual summary in the R & R. (Dkt. No. 47 at 3-6). The Court adopts this portion of the R & R and does not repeat all of the underlying facts in detail here. In summary, Plaintiff Washington filed a claim for worker's compensation under the Longshore and Harbor Workers' Compensation Act (LHWCA) against his employer (Defendant SSA Cooper, LLC) and its insurer (Defendant Homeport Insurance Co.). The Administrative Law Judge (Defendant Sarno) assigned to Washington's case ordered that Washington sign a medical release form giving employer's counsel "unfettered access" to his medical records and

treating physicians. When Washington refused to comply, Judge Sarno remanded the case to the District Director until Washington and his attorney (Plaintiff Crosland) complied with his orders.

Plaintiffs contend that Judge Sarno's orders to release medical information were unlawful and in violation of the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and that Judge Sarno's remand of the case until they complied with his discovery orders amounted to a sanction, which he lacked the power to impose. (Dkt. No. 1 at 8-9). Plaintiffs further contend that Judge Sarno has refused to perform his mandatory legal duties and asks the Court for a writ of mandamus. (*Id.* at 9-10).

Defendants have moved to dismiss for lack of subject matter jurisdiction. (Dkt. Nos. 19,[1] 28). Plaintiffs contend that jurisdiction exists under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, and § 27(b) of the LHWCA, or, in the alternative, under the All Writs Act, 28 U.S.C. § 1651(a) or 28 U.S.C. § 1361 (mandamus to compel a federal officer or agency to perform a duty owed to plaintiff). The Magistrate Judge recommends dismissal for lack of subject matter jurisdiction; recommends, in the alternative, that jurisdiction may lie pursuant to 5 U.S.C. § 704 and the collateral order doctrine; and recommends that, if the Court finds jurisdiction, no claims

---

[1] The Court agrees that Judge Sarno is a nominal party, not required to participate in this action. *See Gen. Tire & Rubber Co. v. Watkins*, 363 F.2d 87, 89 (1966). He may, however, file "a memorandum in support and an explanation of his challenged actions." *Rapp v. Van Dusen*, 350 F.2d 806, 813 (3d. Cir. 1965); *see also id.* at 89 (Fourth Circuit will "follow the practice outlined in the Van Dusen opinion.").

The Magistrate Judge denied Plaintiffs' motion to strike Judge Sarno's motion because all issues were properly before the Court via the other defendants' motion to dismiss, and "[a]t worst, Defendant Sarno's motion is in the nature of an amicus." (Dkt. No. 47 at 2). No party has appealed this ruling or objected to the R & R's consideration of Defendant Sarno's motion. The Court can also raise jurisdiction *sua sponte*; thus, the jurisdictional issues raised in the motion are properly considered by the Court regardless. *See in re Kirkland*, 600 F.3d 310, 314 (4th Cir. 2010) ("Subject matter jurisdiction cannot be forfeited or waived, and can be raised . . . by the court *sua sponte*, at any time prior to final judgment.").

should be dismissed for failure to state a claim. (Dkt. No. 47). All parties filed timely objections. (Dkt. Nos. 48, 49, 54). Plaintiffs as well as Defendants Homeport Insurance Company ("Homeport") and SSA Cooper, LLC ("SSA Cooper") have filed replies. (Dkt. No. 55, 56).

## II. LEGAL STANDARDS

### A. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

### B. Motion to Dismiss for Lack of Subject Matter Jurisdiction

"A defendant may contest subject matter jurisdiction in one of two ways: by attacking the veracity of the allegations contained in the complaint or by contending that, even assuming that the allegations are true, the complaint fails to set forth facts upon which jurisdiction is proper." *Durden v. United Sates*, 736 F.3d 296, 300 (4th Cir. 2013). While Defendants contest the allegations that Judge Sarno's orders are unlawful or *ultra vires*, they do not contest the

underlying facts that Plaintiffs contend confer jurisdiction.[2] (*See* Dkt. No. 28-1). In such a facial attack, the facts alleged in the Complaint are taken as true, and the Court's inquiry is whether the complaint "alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009).

### III. DISCUSSION

#### A. Section 27(b) of the LHWCA[3]

Compensation claims under the LHWCA are not directly reviewed by district courts. They are adjudicated in the first instance by an administrative law judge (ALJ), appealed administratively to the Benefits Review Board (BRB), and then appealed to the appropriate United States circuit court of appeals. *See* 33 U.S.C. § 921. However, the LHWCA does provide jurisdiction for federal district courts to "enforce certain ALJ orders." *Stevedoring Servs. of Am., Inc. v. Eggert*, 953 F.2d 552, 554 (9th Cir. 1992). Section 927(b), at issue here, allows district courts to "punish as contempt of court any disobedience or resistance to a lawful order or process issued in the course of administrative proceedings under the [LHWCA]." *Id.*

This section provides:

> If any person in proceedings before a deputy commissioner or Board disobeys or resists any lawful order or process, or misbehaves during a hearing or so near the place thereof as to obstruct the same, or neglects to produce, after having been ordered to do so, any pertinent book, paper, or document, or refuses to appear after having been subpoenaed, or upon appearing refuses to take the oath as a witness, or after having taken the oath refuses to be examined according to law, the deputy commissioner or Board shall certify the facts to the district court having jurisdiction

---

[2] These facts are laid out in detail in the R & R, with citations to the Complaint and its exhibits. (Dkt. No. 47 at 3-6). The Court adopts this portion of the R & R.

[3] This section of the LHWCA is codified at 33 U.S.C. § 927(b). Thus, the Court refers to the section as § 927(b).

> in the place in which he is sitting (or to the United States District Court for the District of Columbia if he is sitting in such District) which shall thereupon in a summary manner hear the evidence as to the acts complained of, and if the evidence so warrants, punish such person in the same manner and to the same extent as for a contempt committed before the court, or commit such person upon the same conditions as if the doing of the forbidden act had occurred with reference to the process of or in the presence of the court.

33 U.S.C. § 927(b).

Every court to consider the issue has determined that a district court lacks jurisdiction under § 927(b) unless an ALJ or the BRB has certified facts to it. *See Davis v. Dir., Office of Workers' Comp. Programs*, 124 Fed. App'x 1, 4 (D.C. Cir. 2005) ("Section 27(b) applies only when an agency adjudicator has made a finding of contempt and 'certif[ies] the facts to the district court having jurisdiction in the place in which he is sitting. . . .'") (quoting 22 U.S.C. § 927(b)); *A-Z Intern. v. Phillips*, 323 F.3d 1141, 1146 (9th Cir. 2003) ("In order for a district court to have jurisdiction to sanction a claimant pursuant to § 927(b), an ALJ must certify facts describing how a person 'disobey[ed] or resist[ed] any lawful order or process. . . .'") (quoting 33 U.S.C. § 927(b)); *Itmann Coal Co. v. Scalf*, 662 F.Supp.2d 582, 584 (S.D.W.Va. 2009) (holding court lacked jurisdiction over a party's petition to enforce an ALJ order because "Section 927(b) requires the federal agency to 'certify the facts to the district court.'"); *Itmann Coal Co. v. Scalf*, No. 5:07-cv-940, 2008 WL 2705610 at *2 (S.D.W.Va. July 10, 2008) ("Without a certification of facts from the ALJ, the requirements of § 927(b) are not met and the Court may not retain jurisdiction."); *Dunn v. Lockheed Martin*, No. 3:01-cv-359, 2001 WL 294165 at * 3 (N.D. Tex. Mar. 27, 2001), *adopted by* 2001 WL 492380 (N.D. Tex. May 4, 2001), ("For the District Court to obtain jurisdiction under 33 U.S.C. § 927(b), the Board must 'certify the facts' to the District Court."). The Court agrees that the statuary language of § 927(b) requires the BRB or ALJ to

"certify the facts" in order for a court to obtain jurisdiction under the statute. Thus, the Court agrees with and adopts the Magistrate Judge's finding that jurisdiction is lacking under § 927(b) because neither the ALJ nor the BRB has certified facts to the district court.[4]

## B. Declaratory Judgment Act

Plaintiffs essentially concede that a claim cannot be brought directly under § 927(b) for the same reason that the Magistrate Judge found jurisdiction lacking–Judge Sarno has not certified facts to the District Court. (*See* Dkt. No. 32 at 19 ("The only reason the matter cannot be brought before the Court *directly* under § 27(b) is that the ALJ sees no need to invoke this Court's sanctions authority under that provision since he has imposed his own sanction, and so refuses . . . to certify the facts.") (emphasis in original)). Plaintiffs attempt to circumvent this requirement of § 927(b) by invoking the Declaratory Judgment Act. (*See id.* at 17-21).

However, the Declaratory Judgment Act is "remedial only, and is not itself a basis for federal subject matter jurisdiction." *Volvo GM Heavy Truck Corp. v. U.S. Dep't of Labor*, 118 F.3d 205, 210 (4th Cir. 1997). The Court only has jurisdiction over Plaintiffs' declaratory judgment action if a claim could be brought directly under Section 927(b). *See CGM, LLC v. BellSouth Telecomm., Inc.*, 664 F.3d 46, 55-56 (4th Cir. 2011) ("[A] request for declaratory relief is barred to the same extent that the claim for substantive relief on which it is based would be barred."). As explained above and conceded by Plaintiffs, Defendants could not bring an action

---

[4] The Court does not reach or decide whether Judge Sarno "sits" in this district of the Eastern District of Virginia for the purposes of § 927(b). Therefore, the Court declines to adopt the portion of the R & R finding that Judge Sarno sits in the Eastern District of Virginia.

to enforce the ALJ's orders under Section 927(b), absent a certification of facts by the ALJ.[5] Thus, the Court lacks jurisdiction over Plaintiffs' cause of action for declaratory relief.[6] *See MedImmune Inc. v. Centocor, Inc.*, 271 F. Supp. 2d 762, 767 (D. Md. 2003) (holding that a court lacks jurisdiction over a declaratory judgment action if it lacks jurisdiction over "the 'hypothetical' claim brought by the declaratory-defendant.").

Defendants complain that without the ability to use the Declaratory Judgment Act to circumvent the requirement that the ALJ certify facts, "the ALJ has control of the timing of the presentation of this ripe dispute, currently adversely affecting [Plaintiff] Washington." (Dkt. No. 32 at 19). However, this complaint is simply a complaint that interlocutory orders cannot be immediately reviewed when a party disagrees with them. Such is the case in all litigation. Section 927(b) was not intended to provide a mechanism for review of interlocutory ALJ orders. It was intended to provide a mechanism to enforce administrative orders through the contempt power of the district court. While the district court can only enforce "lawful" orders and, thus, may consider the lawfulness of an order it is asked to enforce, this fact does not transform Section 927's limited grant of jurisdiction into a broad ability to review the "lawfulness" of any interlocutory order by an ALJ.[7]

---

[5] The Court need not reach and does not decide whether Defendants SSA Cooper and Homeport could bring an action to enforce an order if the ALJ certified the facts or whether the ALJ himself would have to bring such an action. *See Itmann Coal*, 662 F.Supp.2d at 584 (stating that § 927(b) is open to two interpretations).

[6] The Court adopts the Magistrate Judge's R & R on this point. (*See* Dkt. No. 47 at 13-14 (discussing Plaintiffs arguments pertaining to the Declaratory Judgement Act)).

[7] The Magistrate Judge raised *sua sponte* the possibility of jurisdiction under 5 U.S.C. § 704 and the collateral order doctrine, but ultimately recommended that the Court find jurisdiction does not exist. (*See* Dkt. No. 47 at 16, 17-21). Plaintiffs did not object to the Magistrate Judge's

## C. Writ of Mandamus

Section 1361 provides that:

The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C. § 1361.

To establish jurisdiction under Section 1361, the complaint must state "nonfrivolous allegations of the existence of the essential elements supporting a mandamus action." *In re First Fed. Sav. and Loan Ass'n of Durham*, 860 F.2d 135, 140 (4th Cir. 1988). These elements are "(1) [the requesting party] has a clear and indisputable right to the relief sought; (2) the responding party has a clear duty to do the specific act requested; (3) the act requested is an official act or duty; (4) there are no other adequate means to attain the relief he desires; and (5)

---

finding that jurisdiction does not exist under § 704. (*See* Dkt. No. 54). Defendants objected only to the suggestion that jurisdiction might be possible under § 704. (Dkt. No. 48 at 2-4). The Court finds jurisdiction does not exist.

The APA, and specifically s 10 of the APA codified in 5 U.S.C. §§ 701-704, "is not to be interpreted as an implied grant of subject-matter jurisdiction to review agency actions." *Califano v. Sanders*, 430 U.S. 99, 105 (1977). These statutes "simply provide a limited cause of action for parties adversely affected by agency action." *Lee v. U.S. Citizenship and Immigration Servs.*, 592 F.3d 612, 619 (4th Cir. 2010) (internal quotes omitted). The jurisdictional source for an action under the APA is 28 U.S.C. § 1331. *Id.* Section 1331 jurisdiction is "unavailable where, as here, Congress has created a specific, statutorily-defined scheme that clearly supplants the general jurisdictional statute." *Ceres Guilf v. Cooper*, 957 F.2d 1199, 1208 (5th Cir. 1992).

Furthermore, even if there were jurisdiction for federal courts to review the ALJ's orders at issue here under § 1331 and the APA, such jurisdiction would lie with the U.S. Court of Appeals, not with this Court. *See Maxon Marine, Inc. v. Dir., Office of Workers' Comp. Prog.*, 39 F.3d 144, 147 (7th Cir. 1994) ("[A]lthough [plaintiff] may not have been able to obtain review of the [ALJ's] denial from the Benefits Review Board . . . it could have sought relief from us (***not the district court***), as the court having potential review jurisdiction over the agency's final order, under the All Writs Act [] and the Administrative Procedure Act.").

-8-

the issuance of the writ will effect right and justice in the circumstances." *United States ex rel. Rahman v. Oncology Assocs., P.C.*, 198 F.3d 502, 511 (4th Cir. 1999).

In the Complaint, Plaintiffs request a writ requiring Judge Sarno to "rule on the matters properly before him within a reasonable time." (Dkt. No. 1 at 9). Specifically, Plaintiffs request that this Court order the ALJ to (a) certify facts concerning Plaintiff Washington's non-compliance with pre-hearing orders to the district court, (b) rule on Washington's motion to reconsider the ALJ orders, and (c) proceed with underlying compensation claim itself. (*Id.* at 10).

With regard to Plaintiffs' request that the ALJ be forced to certify facts to the district court, Plaintiffs are not entitled to the relief requested and the ALJ does not have duty to certify the facts. Nothing in Section 927 suggests that certification is a *right* of any party or that a party may compel it. Nor is an ALJ *required* to certify facts when a party disobeys an order. "[T]he word 'shall' in Section 27(b) requires the administrative law judge to follow that section if he decides sanctions should be implemented, but the administrative law judge has the authority to decide *whether* claimant's misconduct falls within Section 27(b) and should be sanctioned." *Olsen v. Triple A Mach. Shop, Inc.*, BRB No. 02-0612, 2003 WL 26100022 at *8 (DOL Ben. Rev. Bd. June 4, 2003) (emphasis in original).

Plaintiffs explicitly concede that ALJs have discretion under § 927(b) to decide whether to certify facts to the district court or not. *See* (Dkt. No. 32 at 20 ("To be sure, an ALJ likely has discretion to decline to issue such a certification, even on party's request, if he or she deems the disobedience insufficiently serious to warrant any sanction.")). Where a matter is "committed to discretion, it cannot be said that the litigant's right to a particular result is 'clear and

indisputable.'" *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980); *see also In Re Ralston Purina Co.*, 726 F.2d 1002, 1005 (4th Cir. 1984) ("[C]lear and indisputable requires considerably more strained circumstances than does a mere abuse of discretion.").

Plaintiffs have cited no authority for the proposition that they have a right to have the ALJ certify facts or that an ALJ has a duty to certify facts when faced with a disobedient party, and the Court can find no such authority. Plaintiffs have not pled these two essential elements of a mandamus claim. (Dkt. No. 1 at 9-10). Thus, the Court lacks jurisdiction over this request for a writ of mandamus.

Turning to the other two requests for a writ, Plaintiffs have other adequate means to obtain the relief they are seeking. They can appeal Pre-Hearing Order No. 4 to the BRB. Plaintiffs real dispute with the ALJ is that he effectively sanctioned them for not complying with his discovery orders by remanding the case to the District Director until they complied. (*See* Dkt. No. 1 at 10). They claim the ALJ acted *ultra vires* because the ALJ lacks the authority to impose sanctions, and they would like this Court to order him to reconsider the decision and proceed with Plaintiff Washington's case. (*Id.*) Whatever the merits of this claim, a writ of mandamus is not the appropriate remedy. Plaintiffs should appeal Pre-Hearing Order No. 4, which remanded the case until Plaintiffs complied previous orders. (Dkt. No. 1-1 at 21-22).

The *Olsen* case is directly on point. In *Olsen*, the employer requested a modification of the compensation award under 33 U.S.C. § 922. *Triple A Mach. Shop Inc. v. Olsen*, No. 07-02371, 2008 WL 131665 at *1 (N.D. Cal. Jan. 11, 2008). Olsen (the claimant) began engaging in actions that the ALJ concluded were intended to prevent or delay the hearing on the employer's modification claim. *Id.* The ALJ "attempted to impose sanctions on Olsen by

requiring that he obtain a lawyer before proceeding and by suspending Olsen's disability benefits until a trial on the proposed modification could be held." *Id.* at *2. Olsen appealed to the BRB, and the BRB "held that because § 927(b) provides a mechanism for punishing disruptive conduct, ALJs do not have the authority to impose other or additional sanctions on litigants and must instead refer all sanctionable conduct to federal district courts." *Id.*; *see also Olsen v. Triple A Mach. Shop, Inc.*, BRB No. 02-0612, 2003 WL 26100022 at *1, 4-6 (DOL Ben. Rev. Bd. June 4, 2003). Accordingly, the BRB vacated the ALJ's order suspending the proceeding and remanded back to the ALJ. *Olsen*, 2003 WL 26100022 at *9. The ALJ promptly certified the facts to the district court, which sanctioned Olsen.[8] *Olsen*, 2008 WL 131665 at *2, 4.

Plaintiffs have provided no explanation as to why appealing Pre-hearing Order No. 4 to the BRB is not an adequate means of relief. The Court can see no reason why the BRB would review the order suspending proceedings in *Olsen* but refuse to review Pre-hearing Order No. 4 here.[9] While Plaintiffs have pled that the ALJ's actions in remanding the case are in excess of

---

[8] To the extent that Plaintiffs are simply trying to short cut this process in the interest of speed, their claim must fail. "The tools available to courts for remedying administrative delay are limited and weak. There is no Speedy Administrative Proceeding Act. But delay is not a valid ground for bypassing the procedures established by Congress for obtaining judicial review of agency action . . ." *Maxon*, 39 F.3d at 147 (dismissing suit for declaratory relief because the court lacked jurisdiction); *see also In re City of Va. Beach*, 42 F.3d 881, 885 (4th Cir. 1994) ("[O]nly an egregious delay would warrant the extraordinary remedy of mandamus.").

[9] Even if the BRB could not review Pre-hearing Order No. 4, jurisdiction for a writ would not lie with the *district* court; at best, it would lie with the U.S. Court of Appeals. *See Maxon*, 39 F.3d at 147 ("[A]lthough [plaintiff] may not have been able to obtain review of the [ALJ's] denial from the Benefits Review Board . . . it could have sought relief from us (***not the district court***), as the court having potential review jurisdiction over the agency's final order under the All Writs Act [] and the Administrative Procedure Act.") (emphasis added). Congress has designated the U.S. Courts of Appeals as the forum for judicial review of agency decisions under the LHWCA, not the district out. Any attempt to have an order reviewed, as opposed to enforced, must be made there. *See id.*

his authority and in derogation of his duty, they have not pled in the Complaint, nor argued in briefing, that they have no adequate means to obtain relief other than a writ. (*See* Dkt. No. 1 at 10). Therefore, the Court lacks jurisdiction over Plaintiffs second and third requests for a writ.

## IV. CONCLUSION

The Court adopts only the portions of the R & R indicated above. The Court **GRANTS** Defendants' motions to dismiss (Dkt. No. 19, 28), and **DISMISSES** all claims for lack of subject matter jurisdiction.

**IT IS SO ORDERED**.

Richard Mark Gergel
United States District Judge

March 7, 2014
Charleston, South Carolina

-12-